UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINGO TELECOM, LLC d/b/a LINGO, § § § | |
| *Plaintiff*, § § | |
| v. § | Civil Action No. 3:25-CV-1467-X |
| § § | |
| WOODCRAFT SUPPLY CORP. and WOODCRAFT SUPPLY, LLC, § § § | |
| *Defendants*. § § | |

## MEMORANDUM OPINION AND ORDER

The parties disagree on many things, but they do not want to be here. Before the Court is Plaintiff Lingo Telecom LLC's (Lingo) motion to remand (Doc. 13) and Defendant Woodcraft Supply LLC's (Woodcraft) motion to transfer venue (Doc. 15). Having carefully considered each motion, the Court **DENIES** Lingo's motion to remand, **GRANTS** Woodcraft's motion to transfer, and hereby **STAYS** this case for 21 days then **TRANSFERS** this case to the Southern District of West Virginia, Division 2.[1]

### I. Background

Lingo sued Woodcraft in the 193rd Judicial District Court, Dallas County, Texas, alleging that Woodcraft failed to pay for certain telecommunication services. Woodcraft timely removed the case to this Court. Lingo then filed a motion to remand, arguing that Woodcraft had contractually waived its right to removal

---

[1] Local Rule 62.2.

because the parties had an agreement which contained a mandatory forum selection clause requiring disputes to be resolved in Texas state court. In response, Woodcraft contended it never contractually waived its removal rights and subsequently filed its own motion to transfer venue. Both parties now seek priority consideration of their respective motions, each asserting that their preferred forum constitutes the proper venue. The motions are ripe for the Court's review.

## II. Legal Standards

### A. Remand

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2] "For a case to be removable based on diversity jurisdiction, all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."[3] A forum selection clause does not alter a court's subject matter jurisdiction.[4] A defendant may contractually waive its statutory right to removal in a forum selection clause.[5]

However, to construe a contract as waiving a party's right to removal, the clause must be "clear and unequivocal [in the] waiver of that right."[6] "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an

---

[2] 28 U.S.C. § 1441(a).

[3] *Superior Air Parts, Inc. v. Kubler*, 2015 WL 567223 at *3 (N.D. Tex. 2015) (Fitzwater, J.) (cleaned up) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).

[4] *See Odom Indus., Inc. v. Sipcam Agro Sols., L.L.C.*, 2025 WL 1576800, at *2–3 (5th Cir. June 4, 2025) (per curiam).

[5] *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956–57 (5th Cir. 1974).

[6] *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (cleaned up).

action heard in another."[7] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[8] The Court applies federal law in determining the enforceability of a forum selection clause in diversity cases.[9]

## B. Transfer

A district court is authorized to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[10] Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge."[11]

There are two steps in the transfer analysis: "First, the district court must ask whether the case might have been brought in the destination venue," and "[s]econd, the district court must weigh the private and public interest factors."[12] The Fifth Circuit has reiterated that district courts should not just count the factors or find one factor to be of dispositive weight.[13] The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

---

[7] *Id.*

[8] *Id.*

[9] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016).

[10] 28 U.S.C. 1404(a).

[11] *Mills v. Beech Aircraft Corp, Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) (cleaned up).

[12] *In re Chamber of Commerce of U.S.A.*, 105 F.4th 297, 304 (5th Cir. 2024).

[13] *In re Media Matters for America*, 2025 WL 1933356 (5th Cir. July 15, 2025).

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[14]

And the public interest factors are:

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[15]

### III.   Analysis

The parties disagree regarding whether the motion to remand or motion to transfer should be decided first. As the parties note, it is within the Court's discretion to determine which motion to take up first.[16] In this circumstance, the Court will decide the motion to remand first.

### A. Remand

The parties do not dispute that this Court has diversity jurisdiction.[17] Rather, the disagreement centers on whether a valid forum selection clause exists that constitutes a clear waiver of Woodcraft's right to removal.[18] For the reasons outlined below, the Court finds no such waiver exists, and **DENIES** Lingo's motion to remand.

---

[14] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (cleaned up).

[15] *Id.* (cleaned up).

[16] *Choice Expl., Inc. v. Gemini Ins. Co.*, 2021 WL 5999429 at *1 (N.D. Tex. Dec. 17, 2021) (Starr, J.).

[17] It is uncontested that Plaintiff Lingo is a citizen of Delaware and California and Defendant Woodcraft is a citizen of West Virginia. Lingo is seeking damages in the sum of $385,489.72, excluding late fees and interest. Therefore, diversity jurisdiction under 28 U.S.C. § 1332 exists.

[18] Docs. 13, 14.

The Court has subject-matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold.[19] Lingo only contends that certain language in its commercial terms and conditions, posted on its website, constitutes a forum selection clause creating a waiver of removal rights. Specifically, Lingo points to the provision stating that a party "agree[s] to submit [it]self to the personal jurisdiction of the courts of the state of Texas."[20]

The Court does not resolve whether Woodcraft is bound by Lingo's terms and conditions or whether the parties' course of dealings constitutes acceptance, because even assuming the terms apply, the clause is permissive rather than mandatory and does not constitute a waiver of removal rights.[21] Under *Keaty*, the Fifth Circuit held that a provision stating that a party "submits to the jurisdiction" of a state court was insufficient to create a mandatory forum selection clause.[22] Here, the clause would merely imply that Woodcraft agrees to submit to the personal jurisdiction of Texas courts; it does not mandate venue in Texas, limit litigation to Texas courts, or expressly waive the right to removal, which is insufficient to establish a clear waiver of removal rights.[23]

Accordingly, the Court finds that Woodcraft did not waive its removal rights and Lingo's motion to remand is **DENIED**.

### B. Transfer

---

[19] 28 U.S.C. § 1332.

[20] Doc. 13 at 4.

[21] *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956–57 (5th Cir.1974).

[22] *Id.*

[23] *Id.*

The Court now turns to Woodcraft's motion to transfer venue. Woodcraft claims that Lingo could have originally brought its claims in the Southern District of West Virginia, Division 2.[24] Lingo does not dispute the proposed venue is proper.[25] Thus, the Court moves to the second part of the analysis.[26] After reviewing the record and weighing each factor, without assigning dispositive weight to any single one, the Court concludes that the balance of factors favors transfer to the Southern District of West Virginia, Division 2.[27]

### 1. Relative Ease of Access to Sources of Proof

The first private interest factor "focuses on the location of documents and physical evidence relating to the case."[28] "The question is *relative* ease of access, not *absolute* ease of access."[29] Access to sources of proof favors transfer because Woodcraft identifies witnesses and physical evidence located in West Virginia, while Lingo concedes that its relevant documentary materials are electronically stored and accessible from multiple locations.[30] And when "the vast majority of the evidence is electronic, and therefore equally accessible in either forum, this factor bears less

---

[24] 28 U.S.C. § 1391(b)(1); https://www.wvsd.uscourts.gov/court-info/court-locations/charleston.

[25] *See In re Chamber of Commerce of U.S.A.*, 105 F.4th 297, 304 (5th Cir. 2024).

[26] *Id.*

[27] *Id.*

[28] *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (cleaned up).

[29] *Id.* (emphasis in original).

[30] Doc. 16 at 14–15; Doc. 18 at 4–5.

6

strongly on the transfer analysis."[31]  Thus, the first private interest factor favors transfer.

## 2.  Availability of Compulsory Process

The second factor evaluates "the availability of compulsory process to secure the attendance of witnesses."[32]  Whether either the current venue or the transfer venue "enjoy absolute subpoena power for both depositions and trial" is the relevant consideration.[33]  The availability of compulsory process is neutral, as both parties identify witnesses who would face subpoena limitations or inconvenience in either forum.[34]

## 3.  Costs of Attendance for Willing Witnesses

The third factor assess the cost of attendance for willing witnesses.[35]  The Fifth Circuit uses a 100-mile threshold when evaluating this factor.[36]  "When the distance between an existing venue for trial and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled."[37]  The cost of attendance for willing witnesses favors transfer because the witnesses are located in or near West

---

[31] *TikTok*, 85 F.4th at 358 (cleaned up).

[32] *Id.* at 360 (cleaned up).

[33] *Id.*

[34] FED. R. CIV. P. 45(c).

[35] *TikTok*, 85 F.4th at 361.

[36] *Id.*

[37] *Id.* (cleaned up).

Virginia, Michigan, and Texas, and more witnesses would be burdened if they had to travel to Texas. Thus, this factor favors transfer.

### 4. All Other Practical Problems

"The fourth factor considers all other practical problems that make trial of a case easy, expeditious and inexpensive."[38] This too favor transfer, as Lingo operates as a regulated public utility subject to the jurisdiction and tariffs of the West Virginia Public Service Commission, and litigating in West Virginia promotes efficiency and consistency with that regulatory framework.

### 5. Administrative Difficulties Flowing from Court Congestion

The first public interest factor and fifth overall factor assesses "the administrative difficulties flowing from court congestion."[39] "The focus is on docket efficiency, an issue [the court of appeals has] recognized the district court is better placed to evaluate."[40] As Woodcraft supports with robust statistic data that Lingo does not contradict, administrative difficulties from court congestion are more pronounced in this district than in the Southern District of West Virginia, which has a lighter caseload and currently more active judges. Accordingly, this factor favors transfer.

### 6. Local Interest in Having Localized Interests Decided at Home

---

[38] *Id.* at 362 (cleaned up).

[39] *Id.* (cleaned up).

[40] *Id.* (cleaned up).

The sixth factor focuses on "the local interest in having localized interests decided at home."[41] The Court looks at the "significant connections between a particular venue and the events that gave rise to a suit."[42] However, "[n]ot all cases are 'localized.'"[43] Some cases involve "defendants and . . . witnesses [who are] located across the state and across the country."[44] In those instances, a court cannot say that one jurisdiction has a greater stake in the litigation than another.

This is not one of those cases, instead, the dispute involves a regulated West Virginia utility and implicates state oversight by the West Virginia Public Service Commission, giving West Virginia a substantial interest in adjudicating the matter locally. Thus, this factor favors transfer.

### 7. Familiarity of the Forum with the Law

The seventh factor assesses the current district's "familiarity with the law that will govern the case."[45] "This factor most commonly applies where the destination venue is in a different State—in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis."[46] Lingo argues that Texas has an interest because Texas law *may* apply to certain contractual issues. But the record shows that Woodcraft has asserted counterclaims and defenses under West Virginia statutory law. Thus, this factor is neutral.

---

[41] *Id.* at 364 (cleaned up).

[42] *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022).

[43] *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 308 (5th Cir. 2024).

[44] *Id.*

[45] *TikTok*, 85 F.4th at 365 (cleaned up).

[46] *Id.*

### 8. Unnecessary Conflict of Laws

The final factor considers "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."[47] Here, this factor is also neutral for the reasons stated above.

*\*\*\**

In sum, having found no factor that favors this district and both the private and public interest factors weigh in favor of transfer, the Court finds that for the convenience of parties and witnesses, in the interest of justice, transfer is warranted under 28 U.S.C. § 1404(a) to the Southern District of West Virginia, Division 2. Accordingly, the Court **GRANTS** Woodcraft's motion to transfer**.**

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Lingo's motion to remand, **GRANTS** Woodcraft's motion to transfer, and hereby **STAYS** this case for 21 days then **TRANSFERS** this case to the Southern District of West Virginia, Division 2.

**IT IS SO ORDERED** this 29th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[47] *TikTok*, 85 F.4th at 366 (cleaned up).